17

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,          CRIMINAL NO. 15-20217

      Plaintiff,                       HON. STEPHEN J. MURPHY, III

vs.                                                 VIOLATIONS:

D-1  DAVID HANSBERRY,                  21 U.S.C. § 846
     a/k/a "Sarge," a/k/a "Hater,"       21 U.S.C. § 841(a)(1)
D-2  BRYAN WATSON,                     18 U.S.C. § 1951
     a/k/a "Bullet," and                 18 U.S.C. § 924(c)
D-3  KEVLIN OMAR BROWN,

      Defendants.
_____/

## FIRST SUPERSEDING INDICTMENT

The Grand Jury charges that:

At all times relevant to this Indictment:

1.     Defendant DAVID HANSBERRY, a/k/a "Sarge," a/k/a

"Hater," was a police officer in the Detroit Police Department. From

approximately November 2009 through approximately November, 2013,

HANSBERRY was a Sergeant in the Detroit Police Department's

Narcotics Section. As a Sergeant in the Narcotics Section,

HANSBERRY led a narcotics crew that conducted drug raids, executed

search warrants, seized narcotics and narcotics proceeds, and made arrests. In approximately November, 2013, Hansberry was promoted to Lieutenant. As a police officer, HANSBERRY was authorized by Michigan law to make arrests and conduct searches and seizures.

2.    Defendant BRYAN WATSON, a/k/a "Bullet," was a police officer in the Detroit Police Department's Narcotics Section. Beginning in 2010, WATSON was assigned to defendant DAVID HANSBERRY's narcotics crew. As a police officer, WATSON was authorized by Michigan law to make arrests and conduct searches and seizures.

3.    Defendant KEVLIN OMAR BROWN was a friend and an associate of defendant DAVID HANSBERRY.

4.    Between June 2010 and October 2014, defendants DAVID HANSBERRY, BRYAN WATSON, KEVLIN OMAR BROWN, and others, would arrange or monitor drug transactions in which substantial amounts of controlled substances were intended to be purchased or sold by private parties, including informants of the defendants.

5.    Rather than allow the drug transactions to take place, defendants DAVID HANSBERRY, BRYAN WATSON, KEVLIN OMAR

BROWN, and others, would use their police authority to extort participants in those transactions and take their controlled substances, money, and personal property.

6.      In furtherance of these extortions, defendants DAVID HANSBERRY, BRYAN WATSON, KEVLIN OMAR BROWN, and others, carried out pretext traffic stops and fake arrests, so that they could unlawfully take controlled substances, money, and personal property from the victims, their homes, and their vehicles.

7.      Defendants DAVID HANSBERRY, BRYAN WATSON, and others used their status and authority as law enforcement officers to carry out these extortions, including driving police vehicles, activating lights on their police vehicles, wearing police gear, displaying official badges, and carrying firearms. Defendants DAVID HANSBERRY and BRYAN WATSON would also identify themselves as law enforcement officers performing official law enforcement duties in order to coerce their victims into complying with their demands and to encourage their victims to flee, leaving behind their controlled substances, money, or personal property.

3

8.     Defendants DAVID HANSBERRY, BRYAN WATSON, and others, did not log or place the money, property, and controlled substances they obtained during these pretext traffic stops and fake arrests into evidence with the Detroit Police Department. Rather, they would divide amongst themselves the money, property, and controlled substances obtained from their victims, and would sell the controlled substances in order to share the proceeds of such sales.

9.     In addition, defendants DAVID HANSBERRY, BRYAN WATSON, and others, would divert controlled substances and money confiscated from otherwise legally authorized searches of homes and vehicles for their own purposes, would not log or place those confiscated controlled substances and money into evidence with the Detroit Police Department, and would share the controlled substances and money amongst themselves.

10.    Defendants DAVID HANSBERRY, BRYAN WATSON, and others, would arrange the sale of the diverted controlled substances by and through others, including their informants, in order to share the proceeds of those sales among themselves.

4

## COUNT ONE

(18 U.S.C. § 1951 – *Conspiracy to Obtain Property*
*by Extortion Under Color of Official Right*)

**D-1  DAVID HANSBERRY**
**D-2  BRYAN WATSON**

1.     The allegations contained in paragraphs One through Ten are incorporated and re-alleged as if fully stated in this Count.

2.     From in or before June 2010 through in or about October 2014, in the Eastern District of Michigan, Southern Division, the defendants, DAVID HANSBERRY and BRYAN WATSON, did knowingly and intentionally conspire and agree with each other and with others to cause each other and others to obstruct, delay, and affect in any way and degree commerce, and the movement of any article and commodity in commerce, by extortion, that is to obtain property from others, with their consent, by the wrongful use of actual and threatened force, violence, and fear, and under color of official right.

All in violation of Title 18, United States Code, Section 1951.

## COUNT TWO

*(21 U.S.C. § 846 - Conspiracy to Possess with*
*Intent to Distribute Controlled Substances)*

**D-1   DAVID HANSBERRY**
**D-2   BRYAN WATSON**

3.      The allegations contained in paragraphs One through Ten are incorporated and re-alleged as if fully stated in this Count.

4.      From in or before June 2010 through in or about October 2014, in the Eastern District of Michigan, Southern Division, the defendants, DAVID HANSBERRY and BRYAN WATSON, did knowingly and intentionally conspire and agree with each other and with others to distribute, and to possess with intent to distribute, controlled substances, that is:

   a) 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine;

   b) A mixture or substance containing a detectable amount of heroin; and

   c) A mixture or substance containing a detectable amount of marijuana;

in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

6

## COUNT THREE

(18 U.S.C. §§ 1951, 2 – *Obtaining Property
By Extortion Under Color of Official Right*)

**D-1  DAVID HANSBERRY**
**D-2  BRYAN WATSON**

5.     On or about February 27, 2011, in the Eastern District of Michigan, Southern Division, the defendants, DAVID HANSBERRY and BRYAN WATSON, aided and abetted by each other and by others, did and caused others to obstruct, delay, and affect in any way and degree commerce, and the movement of any article and commodity in commerce, by extortion, that is: the defendants took money from victim R.W., which money was the proceeds of and was related to illegal trafficking in controlled substances, with her consent, by the wrongful use of actual and threatened force, violence, and fear, and under color of official right, all in violation of Title 18, United States Code, Sections 1951 and 2.

## COUNT FOUR

*(18 U.S.C. §§ 1951, 2 – Obtaining Property*
*By Extortion Under Color of Official Right)*

**D-1  DAVID HANSBERRY**
**D-2  BRYAN WATSON**

6.      On or about April 19, 2011, in the Eastern District of

Michigan, Southern Division, the defendants, DAVID HANSBERRY

and BRYAN WATSON, aided and abetted by each other and by others,

did and caused others to obstruct, delay, and affect in any way and

degree commerce, and the movement of any article and commodity in

commerce, by extortion, that is: the defendants took money from victim

N.S., which money was the proceeds of and was related to illegal

trafficking in controlled substances, with his consent, by the wrongful

use of actual and threatened force, violence, and fear, and under color of

official right, all in violation of Title 18, United States Code, Sections

1951 and 2.

## COUNT FIVE

(18 U.S.C. §§ 1951, 2 – *Obtaining Property
By Extortion Under Color of Official Right*)

**D-1   DAVID HANSBERRY**
**D-2   BRYAN WATSON**

7.      On or about November 15, 2011, in the Eastern District of Michigan, Southern Division, the defendants, DAVID HANSBERRY and BRYAN WATSON, aided and abetted by each other and by others, did and caused others to obstruct, delay, and affect in any way and degree commerce, and the movement of any article and commodity in commerce, by extortion, that is: the defendants took money from victims C.W., D.W., and others, some of whom had traveled in interstate commerce to Michigan in order to buy controlled substances with such money, with their consent, by the wrongful use of actual and threatened force, violence, and fear, and under color of official right, all in violation of Title 18, United States Code, Sections 1951 and 2.

## COUNT SIX

*(18 U.S.C. §§ 1951, 2 – Obtaining Property*
*By Extortion Under Color of Official Right)*

**D-1   DAVID HANSBERRY**
**D-3   KEVLIN OMAR BROWN**

8.     On or about January 6, 2012, in the Eastern District of Michigan, Southern Division, the defendants, DAVID HANSBERRY and KEVLIN OMAR BROWN, aided and abetted by each other and by others, did and caused others to obstruct, delay, and affect in any way and degree commerce, and the movement of any article and commodity in commerce, by extortion, that is: the defendants took money from victim C.B., who had traveled in interstate commerce to Michigan in order to buy controlled substances with such money, with his consent, by the wrongful use of actual and threatened force, violence, and fear, and under color of official right, all in violation of Title 18, United States Code, Sections 1951 and 2.

10

## COUNT SEVEN

(18 U.S.C. § 1951, 2 – *Obtaining Property*
*By Extortion Under Color of Official Right*)

**D-1   DAVID HANSBERRY**
**D-2   BRYAN WATSON**

9.      On or about September 6, 2012, in the Eastern District of

Michigan, Southern Division, the defendants, DAVID HANSBERRY

and BRIAN WATSON, aided and abetted by each other and by others,

did and caused others to obstruct, delay, and affect in any way and

degree commerce, and the movement of any article and commodity in

commerce, by extortion, that is: the defendants took money from victim

D.B., who intended to buy controlled substances with such money, with

his consent, by the wrongful use of actual and threatened force,

violence, and fear, and under color of official right, all in violation of

Title 18, United States Code, Sections 1951 and 2.

11

## COUNT EIGHT

*(18 U.S.C. § 1951, 2 – Obtaining Property*
*By Extortion Under Color of Official Right)*

**D-1  DAVID HANSBERRY**
**D-2  BRYAN WATSON**

10.    On or about April 15, 2013, in the Eastern District of
Michigan, Southern Division, the defendants, DAVID HANSBERRY
and BRIAN WATSON, aided and abetted by each other and by others,
did and caused others to obstruct, delay, and affect in any way and
degree commerce, and the movement of any article and commodity in
commerce, by extortion, that is: defendants took controlled substances
belonging to victim R.V., who had traveled in interstate commerce in
order to sell the controlled substances in Michigan, with his consent, by
the wrongful use of actual and threatened force, violence, and fear, and
under color of official right, all in violation of Title 18, United States
Code, Sections 1951 and 2.

## COUNT NINE

*(21 U.S.C. § 841; 18 U.S.C. § 2 – Distribution*
*and Possession with Intent to Distribute*
*5 Kilograms or more of Cocaine)*

**D-1  DAVID HANSBERRY**
**D-2  BRYAN WATSON**

11.    On or about April 15-16, 2013, in the Eastern District of

Michigan, Southern Division, and elsewhere, the defendants, DAVID

HANSBERRY and BRYAN WATSON, aided and abetted by each other

and by others, did knowingly and intentionally distribute and possess

with intent to distribute 5 kilograms or more of a mixture or substance

containing a detectable amount of cocaine, in violation of Title 21,

United States Code, Section 841(a)(1), and Title 18, United States Code,

Section 2.

## COUNT TEN

*(18 U.S.C. § 924(c); 18 U.S.C. § 2 – Carrying a Firearm*
*During and in Relation to a Drug Trafficking Crime)*

**D-1  DAVID HANSBERRY**
**D-2  BRYAN WATSON**

12.    On or about April 15-16, 2013, in the Eastern District of

Michigan, Southern Division, and elsewhere, defendants DAVID

13

HANSBERRY and BRYAN WATSON did knowingly carry firearms, and aid and abet each other in the carrying of firearms, during and in relation to a drug trafficking crime for which defendants may be prosecuted in a court of the United States, that is, the distribution of and possession with intent to distribute controlled substances as set forth in Count Nine, in violation of Title 18, United States Code, Section 924(c)(1)(A).

## FORFEITURE ALLEGATIONS

13.    The allegations of Counts One through Eight of this Indictment are realleged and by this reference fully incorporated herein for the purpose of alleging forfeitures to the United States of America of certain property in which the defendants have an interest, pursuant to the provisions of Title 18, United States Code, Section 982, Title 21, United States Code, Section 853, and Title 18, United States Code, Section 924(d)(1).

14.    Upon conviction of any of the violations alleged in Counts One through Eight, the defendants shall forfeit to the United States any property constituting or derived from any proceeds which the

14

Defendants obtained, directly or indirectly, or any property traceable

thereto, as the result of such violations, any property which the

defendants used or intended to be used in any manner or part to

commit or to facilitate the commission of such violations, and/or any

property involved in such violations, or any property traceable thereto.

15.   If the property described above as being subject to forfeiture,

as a result of any act or omission of the defendants,

(A)   cannot be located upon the exercise of due diligence;

(B)   has been transferred or sold to, or deposited with a third

party;

(C)   has been placed beyond the jurisdiction of the Court;

(D)   has been substantially diminished in value; or

(E)   has been commingled with other property which cannot be

subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States

Code, Section 853(p), to seek forfeiture of any other property of the

defendants up to the value of the above forfeitable property and, in

addition, to require the defendants to return any such property to the

jurisdiction of the Court for seizure and forfeiture.

All pursuant to Title 18, United States Code, Section 982, Title 21, United States Code, Section 853, and Title 18, United States Code, Section 924(d)(1).

**THIS IS A TRUE BILL**.


<u>s/Grand Jury Foreperson</u>
GRAND JURY FOREPERSON


BARBARA L. McQUADE
United States Attorney


<u>s/Sheldon N. Light</u>
SHELDON N. LIGHT
Assistant United States Attorney


<u>s/J. Michael Buckley</u>
J. MICHAEL BUCKLEY
Assistant United States Attorney

Date:  February 10, 2016

16

| United States District Court<br>Eastern District of Michigan | **Criminal Case Cover Sheet** | Case Number<br>15-20217 |
|---|---|---|

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to complete it accurately in all respects.

**Reassignment/Recusal Information** This matter was opened in the USAO prior to August 15, 2008   [ ]

| **Companion Case Information** | Companion Case Number: |
|---|---|
| This may be a companion case based upon LCrR 57.10 (b)(4)[1]: | Judge Assigned: |
| ☐ Yes   ☒ No | AUSA's Initials: *SNL* |

Case Title: USA v.  D-1 DAVID HANSBERRY, et al

County where offense occurred : Wayne

Check One:   ☒ Felony        ☐ Misdemeanor        ☐ Petty

____Indictment/____Information --- **no prior complaint.**
____Indictment/____Information --- based upon prior complaint [Case number:
✓ Indictment/____Information --- based upon LCrR 57.10 (d) *[Complete Superseding Section below]*.

**Superseding Case Information**

Superseding to Case No: 15-20217          Judge: Stephen J. Murphy, III

☐ Original case was terminated; no additional charges or defendants.
☐ Corrects errors; no additional charges or defendants.
☐ Involves, for plea purposes, different charges or adds counts.
☒ Embraces same subject matter but adds the additional defendants or charges below:

| Defendant name | Charges | Prior Complaint (if applicable) |
|---|---|---|
| D-1 DAVID HANSBERRY | 18 USC 1951 | N/A |
| D-2 BRYAN WATSON | 18 USC 1951 | N/A |

Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.

February 10, 2016
Date

SHELDON N. LIGHT
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI  48226-3277
Phone: 313-226-9732
Fax:    313-226-3413
E-Mail address: Sheldon.Light@usdoj.gov
Attorney Bar #: P28798

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.                04/13