UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

BRYAN WATSON,

Defendant.

_____/

Case No. 2:15-cr-20217-2

HONORABLE STEPHEN J. MURPHY, III

**ORDER DENYING DEFENDANT'S
MOTION FOR COMPASSIONATE RELEASE [279]**

Defendant Bryan Watson filed a motion for release under the First Step Act's compassionate release provision, 18 U.S.C. § 3582(c). ECF 279. Defendant argued that he was eligible for a reduced sentence of strict home confinement to care for his aging father and due to his health conditions that allegedly put him at higher risk for severe illness from COVID-19: high blood pressure (hypertension) and kidney stones. *Id.* at 7162–63. The Government opposed Defendant's request. *See* ECF 281.

To be eligible for compassionate release, Defendant must show that "extraordinary and compelling reasons" warrant a reduction in sentence. 18 U.S.C. § 3582(c)(1)(A)(i). Section 1B1.13 of the Sentencing Guidelines provides guidance about what constitutes such "extraordinary and compelling reasons." U.S.S.G. § 1B1.13. Those reasons are classified in four categories: (1) Defendant's medical condition; (2) Defendant's age; (3) family circumstances; and (4) additional reasons "other than, or in combination with" reasons in the first three categories. *Id.* at cmt.

1

n.1(A)–(D). Two categories—medical conditions and family circumstances—apply to Defendant.

I.   <u>Medical Conditions</u>

Defendant did not show that his medical conditions are "extraordinary and compelling reasons" that warrant his release from custody. Defendant is fifty-two years old and suffers from hypertension and "chronic" kidney stones. ECF 279, PgID 7163. The CDC does not list kidney stones as a medical condition that increases the risk of severe illness from COVID-19. *See People with Certain Medical Conditions*, CDC, https://bit.ly/31WKhck. Defendant's kidney stones therefore do not increase his risk for severe illness from COVID-19.

The CDC does, however, list hypertension as an illness that might increase the risk of complications associated with COVID-19. *Id.* But compassionate release is proper "only upon a finding of numerous and severe medical conditions that place [Defendant] at a significantly higher risk for severe illness from COVID-19." *United States v. Alzand*, No. 18-cr-20703, 2020 WL 2781824, at *3 (E.D. Mich. May 29, 2020) (collecting cases). Hypertension alone is not a "sufficiently 'extraordinary or compelling' [reason] such that compassionate release is [] necessary." *United States v. Benzer*, No. 13-CR-18, 2020 WL 3172993, at *2 (D. Nev. June 15, 2020); *see also United States v. Phillips*, No. 12-20372, 2020 WL 3071849, at *4 (E.D. Mich. June 10, 2020) (finding hypertension, diabetes, and asthma were not "extraordinary and compelling reasons to reduce" a fifty-year-old defendant's sentence); *United States v. Bueno-Sierra*, No. 93-cr-00567, 2020 WL 2526501, at *5 (S.D. Fla. May 17, 2020)

(denying compassionate release to a seventy-two-year old with hypertension and diabetes even though "diabetes and hypertension [] are risk factors that are designated in the CDC's guidance" about elevated risks associated with COVID-19). In short, Defendant's hypertension alone does not warrant compassionate release.

II.    Family Conditions

The Government argued that Defendant failed to statutorily exhaust his compassionate release claim on the family conditions ground. ECF 281, PgID 7236–37. The First Step Act requires "mandatory," issue specific exhaustion by either (1) "fully exhaust[ing] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or (2) "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A); *see United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020). Administrative exhaustion within the prison ensures that "prison administrators can prioritize the most urgent claims" and "investigate the gravity of the conditions supporting release and the likelihood the conditions will persist." *Alam*, 960 F.3d at 835. Thus, administrative exhaustion must be issue specific to allow the prison officials to fully weigh and assess the request before them. *Id.*

Defendant's petition for compassionate release from the Bureau of Prisons failed to mention anything about caring for his father or other family conditions. ECF 279, PgID 7188. Instead, Defendant requested compassionate release solely because of his medical conditions. *Id.* No evidence suggested that Defendant asserted a

familial hardship before the current motion. The Court therefore will dismiss the motion for compassionate release based on familial conditions for failure to exhaust.

Even if the claims were fully exhausted, Defendant has failed to show an "extraordinary or compelling" reason for a reduced sentence. Although Defendant's family circumstances are unfortunate, they do not warrant release because the U.S.S.G. policy statement "make[s] no mention of parents," rather, it "only addresses spouses or children." *United States v. McCune*, No. 16-20359, 2020 WL 4734910, at *4 (E.D. Mich. Aug. 14, 2020). *See, e.g.*, *United States v. Bradley*, 2020 WL 4192545 (E.D. Mich. July 21, 2020) (explaining that "the Commission identifies only '[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children' or '[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner' U.S.S.G. 1B1.13 cmt n.1(C)"); *United States v. Wilson*, No. 15-20281, 2020 WL 3172647, at *3 (E.D. Mich. June 15, 2020) ("While it is admirable that Defendant wishes to be released early in order to assist with caring for his parents and his minor child, Defendant has failed to establish that his circumstances are extraordinary and compelling in a manner that would entitle him to the relief he seeks."). For that reason, Defendant's request to care for his elderly father is not an "extraordinary or compelling" circumstance sufficient to support his compassionate release. *Id.* The Court will therefore deny Defendant's motion for compassionate release.

**WHEREFORE**, it is hereby **ORDERED** that Defendant's motion for compassionate release [279] is **DENIED**.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: September 10, 2020

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 10, 2020, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager

5