UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| UNITED STATES OF AMERICA, | Criminal Case No. 2:15-cr-20217-2 |
|---|---|
| Plaintiff/Respondent, | Civil Case No. 2:20-cv-12548 |
| v. | HONORABLE STEPHEN J. MURPHY, III |
| BRYAN WATSON, | |
| Defendant/Petitioner. | |

**OPINION AND ORDER DENYING MOTION TO VACATE SENTENCE UNDER 28 U.S.C. § 2255 [289] AND DENYING MOTION TO AMEND [323]**

A jury found Defendant Bryan Watson guilty of conspiracy to obtain property by extortion under color of official right in violation of the Hobbs Act (18 U.S.C. § 1951(a)). ECF 184, PgID 2140. The Court sentenced Defendant to 108 months in prison. *Id.* at 2141.

A year later, Defendant moved for equitable tolling to petition for a writ of habeas corpus. ECF 274. The Court lacked jurisdiction to grant the request and thus denied it. ECF 277. Three months later, Defendant petitioned for a writ of habeas corpus under 28 U.S.C. § 2255. ECF 289. Then, nearly six months later, Defendant moved to amend the petition to include a claim that the Court applied an improper sentencing enhancement. ECF 323. The Government responded to the petition and the motion to amend, ECF 327, and Plaintiff replied, ECF 331. The Court reviewed the filings and a hearing is unnecessary. *See* E.D. Mich. L.R. 7.1(f)(1). For the following reasons, the Court will deny the petition.

1

## BACKGROUND

Defendant challenged his sentence under 28 U.S.C. § 2255 on several grounds. Defendant asserted four ineffective assistance of counsel claims. ECF 289, PgID 7369–77. First, Defendant alleged that his appellate counsel was ineffective for not arguing that the Court erred at sentencing by violating Federal Rule of Criminal Procedure 32(i)(3)(B) and by not explaining its loss calculation methods. *Id.* at 7369–72. Second, Defendant alleged his trial counsel was ineffective for failing to investigate and object to the admissibility of taped conversations. *Id.* at 7372–74. Third, Defendant claimed his trial counsel failed to investigate and request an *Enright* challenge to exclude co-conspirators' statements. *Id.* at 7374–76. And fourth, Defendant's trial counsel failed to object to Lamont Calhoun's testimony. *Id.* at 7376–77.

Apart from ineffective assistance of counsel, Defendant also alleged a *Brady* claim. *Id.* at 7377–78. Then, Defendant essentially renewed his appellate argument about the validity of the Hobbs Act conviction and claimed the argument is not procedurally defaulted because he is actually innocent. *Id.* at 7379–82. Defendant also asserted a prosecutorial misconduct claim. *Id.* at 7382–84.

Finally, Defendant made two requests in the § 2255 petition. Defendant first requested that the Court hold an evidentiary hearing. *Id.* at 7384. Defendant also requested that the Court equitably toll the limitations period for the § 2255 petition by sixty days. *Id.* at 7418. And in the reply to the Government's response, Defendant requested that the Court appoint counsel for him. ECF 331, PgID 7929.

**LEGAL STANDARD**

A Defendant sentenced by a federal court may seek "to vacate, set aside, or correct the sentence" under 28 U.S.C. § 2255(a). The statute provides four grounds for claiming relief: "(1) that the sentence was imposed in violation of the Constitution or [federal] laws [], (2) that the [C]ourt [lacked] jurisdiction to impose [the] sentence, (3) that the sentence was in excess of the maximum authorized by law, and (4) that the sentence is otherwise subject to collateral attack." *Hill v. United States*, 368 U.S. 424, 426–27 (1962) (quoting 28 U.S.C. § 2255) (internal quotation marks omitted). Generally, the motion must allege "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001) (citation omitted).

**DISCUSSION**

The Court will first review Defendant's motion for equitable tolling. After, the Court will review the § 2255 petition and the motion to amend the petition. Last, the Court will deny the requests to hold an evidentiary hearing and to appoint counsel and will deny a certificate of appealability and in forma pauperis status on appeal.

I.  <u>Motion for Equitable Tolling</u>

"[P]ostconviction relief under 28 U.S.C. § 2255 is subject to a one-year time limitation that generally runs from 'the date on which the judgment of conviction becomes final.'" *Clay v. United States*, 537 U.S. 522, 524 (2003) (quoting § 2255(f)(1)). "[F]or federal criminal defendants who do not file a petition for certiorari with [the

Supreme Court] on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires." *Id.* at 532. Here, the one-year limitations period under § 2255 expired "90 days after entry of the Court of Appeals' judgment." *Id.* at 525. The § 2255 limitations period therefore began to run on September 11, 2019. The Court received Defendant's petition a week before the limitations period expired. ECF 289. Because Defendant timely filed the § 2255 petition, the Court will deny the motion for equitable tolling as moot.

II.     Motion to Vacate Sentence

The Court will first address the ineffective assistance of counsel claims. After, the Court will address the remaining claims in turn.

    *A.     Ineffective Assistance of Counsel Claims*

To succeed on an ineffective assistance of counsel claim, Defendant must show: (1) that his counsel's representation "fell below an objective standard of reasonableness," and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant." *Id.* at 697.

    *1.     Appellate Counsel*

Defendant first argued his appellate counsel was ineffective for failing to raise "the stronger fruitful claim" that the Court "erred by failing to comply with [Federal Rule of Criminal Procedure] 32(i)(3)(B)[] and explain its loss calculation methods."

4

ECF 289, PgID 7369–70. On appeal, Defendant's counsel instead argued that the Court "failed to make an independent determination of whether this loss amount should apply to [Defendant]." ECF 265, PgID 7107.

Criminal Rule 32(i)(3)(B) requires the Court to "rule on the [disputed portion of a presentence report] or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing." The Sixth Circuit strictly construes Rule 32 because it "helps to ensure that defendants are sentenced on the basis of accurate information and provides a clear record for appellate courts, prison officials, and administrative agencies who may later be involved in the case." *United States v. Williams*, 612 F.3d 500, 515–16 (6th Cir. 2010) (quoting *United States v. Tackett*, 113 F.3d 603, 613–14 (6th Cir. 1997)).

Defendant cannot show prejudice under *Strickland*'s second prong for two reasons. First, the Court explained its reasoning behind Defendant's sentence and the loss calculation in enough detail to allow the Sixth Circuit to affirm Defendant's sentence on appeal. *See* ECF 265, PgID 7107–10. If the Sixth Circuit had determined the Court failed to make the necessary findings, then the Sixth Circuit would have remanded for resentencing. *Williams*, 612 F.3d at 515–16 (quoting *Tackett*, 113 F.3d at 613–14); *see also United States v. Pruitt*, --- F.3d ---, 2021 WL 2407856, at *7 (6th Cir. 2021) ("[T]he district court did not make the requisite factual findings, and its legal analysis is unclear. . . . On remand, the district court should set forth the specific facts it finds by a preponderance of the evidence and explain why those facts

5

[support the enhancement]."). Because the Sixth Circuit implicitly found that the Court complied with Rule 32, the claim would have failed on appeal.

Second, the ineffective assistance of counsel claim is merely an attempt to relitigate what the Sixth Circuit decided on direct appeal. *See* ECF 289, PgID 7371–72 (arguing the merits of the Court's loss calculation and its application to Defendant). "Absent exceptional circumstances, or an intervening change in the case law, [Defendant] may not use his § 2255 petition to relitigate" issues brought on direct appeal. *Wright v. United States*, 182 F.3d 458, 467 (6th Cir. 1999). Defendant has not asserted that there has been an intervening change in law or exceptional circumstances that would allow him to relitigate the issue. *See* ECF 289. The Court will therefore dismiss the first ineffective assistance of counsel claim under *Strickland*'s second prong.

2. *Admissibility of Taped Conversations*

Defendant's second ineffective assistance of counsel claim asserted that his trial counsel failed to object to the admissibility of recordings between Gary Jackson and Defendant. ECF 289, PgID 7372–74. Defendant specifically asserted that Gary Jackson violated 18 U.S.C. § 2511(2)(d) by recording Defendant's communications. ECF 289, PgID 7372–74.

Section 2511(2)(d) allows "a person not acting under color of law" to record communications between individuals. Defendant's claim easily fails because Jackson was a private citizen who was not acting under color of law when he recorded Defendant's conversations. ECF 230, PgID 5734–35. As a result, Defendant cannot

6

show any prejudice under *Strickland*'s second prong because § 2511(2)(d) would not have barred the admission of the recordings.

### 3. Enright *Challenge*

Defendant's third ineffective assistance of counsel claim appeared to assert that his trial counsel failed to "request [an] *Enright* hearing to exclude [Federal Rule of Evidence] 801(d)(2)(E) statements." ECF 289, PgID 7374. Although Defendant's argument is unclear, the Court believes that Defendant claimed the co-conspirators' statements used against him were inadmissible because the statements were "clearly a product of solicitation" by the Government. *Id.* at 7376.

With that understanding, Defendant's third claim also fails under *Strickland*'s second prong. For one, Defendant identified no co-conspirator statement admitted at trial under Rule 801(d)(2)(E) that the Court should have ruled were inadmissible. *See* ECF 289, PgID 7374–76. For another, if Defendant is challenging every Rule 801(d)(2)(E) statement admitted at trial, then Defendant misunderstood the law.

Under Rule 801(d)(2)(E), the Court has three options for admitting statements by co-conspirators. *United States v. Mills*, No. 16-cr-20460, 2019 WL 77032, at *2–3 (E.D. Mich. Jan. 2, 2019). One option is to hold a "mini-hearing," the second option is to "require the Government to produce independent evidence establishing a conspiracy," and the third is to conditionally admit the hearsay statement. *Id.*[1] The Sixth Circuit has noted that the first option is "burdensome, time-consuming and

---

[1] The Court assumes that when Defendant refers to an "*Enright* hearing" he is referring to the first option.

uneconomic" and because of that, the Court may forgo that option. *United States v. Vinson*, 606 F.2d 149, 152 (6th Cir. 1979) (citation omitted). Yet Defendant has not shown that the Court abused its discretion for failing to hold the hearing. And even if the Court were to abuse its discretion, Defendant has not shown that any co-conspirator's statements were inadmissible under Rule 801(d)(2)(E). Put simply, Defendant cannot show that even if his counsel were to pursue the first option, that the option would have been granted or that the option would have led to the inadmissibility of any statements that would have made a difference in Defendant's trial. The Court will therefore deny the third ineffective assistance of counsel claim.

*4. Failure to Object to Lamont Calhoun's Testimony*

Defendant's last ineffective assistance of counsel claim was that his trial counsel should have objected to Lamont Calhoun's testimony because it was uncorroborated. ECF 289, PgID 7376–77. Defendant also claimed that his trial counsel should have asked Calhoun for the name of Calhoun's cousin on cross-examination. *Id.* at 7377. Defendant's reasoning follows that if his trial counsel were "properly prepared for trial," then he would have been able to show that Calhoun committed perjury once Calhoun testified that Defendant helped Calhoun's cousin. *See id.* Defendant's claim fails for two reasons under *Strickland*'s second prong.

First, the Federal Rules of Evidence do not bar uncorroborated testimony because the weight of a witness's testimony is for the jury to decide. *See United States v. Beverly,* 369 F.3d 516, 532 (6th Cir. 2004) ("[D]etermining the credibility of witnesses is a task for the jury."). And second, Defendant's trial counsel asked

8

Calhoun for his cousin's identity and even questioned Calhoun about his cousin's residence. ECF 128, PgID 842–45. As a result, Defendant's counsel did precisely what Defendant claimed he should have done.[2] Because the testimony was admissible and Defendant's counsel cross-examined Calhoun about his cousin's identity, the Court will dismiss the last ineffective assistance of counsel claim.

B. Brady *Claim*

Defendant also asserted a *Brady* claim in his 2255 petition because the Government allegedly suppressed exculpatory evidence of the identity of Calhoun's "cousin," Tobias Jones. ECF 289, PgID 7377–78. Defendant attached an exhibit to the motion. *Id.* at 7397. The exhibit—a 2010 police report entered by Defendant—explained Defendant reported that Tobias Jones had tried to bribe Defendant. *Id.* The Court will deny the *Brady* claim both as procedurally defaulted and simply because Defendant had access to the 2010 report during trial.

First, except for ineffective assistance of counsel claims, "claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice." *Massaro v. United States*, 538 U.S. 500, 504 (2003) (citations omitted).

---

[2] Defendant's reply brief appeared to suggest that when Calhoun referred to his cousin while testifying, Calhoun was not, in fact, referring to his cousin. *See* ECF 331, PgID 7926. Rather, Defendant believed that when Calhoun was referring to his "cousin," Calhoun meant to say someone else (Tobias Jones) who was not his biological cousin but his "'like' cousin." *Id.* Defendant, however, offered no evidence to show that Calhoun meant anyone other than his biological cousin and the cross-examination showed that Calhoun was referring only to his biological cousin, Doshawn Calhoun. ECF 128, PgID 842–45. Accordingly, Defendant's strange, conclusory argument has no basis.

9

Defendant cannot show cause and prejudice and so his claim is procedurally defaulted.

Second, "[n]o *Brady* violation exists where a defendant knew or should have known the essential facts permitting him to take advantage of any exculpatory information." *Abdur'Rahman v. Colson*, 649 F.3d 468, 474 (6th Cir. 2011) (quoting *United States v. Clark*, 928 F.2d 733, 738 (6th Cir. 1991) (per curiam)). "Ultimately, where the alleged *Brady* evidence is available to the defense, 'there is really nothing for the government to disclose.'" *Id.* (quoting *Bell v. Bell*, 512 F.3d 223, 235 (6th Cir. 2008) (en banc)). Defendant already knew about the report well before his trial because he authored it in 2010. ECF 289, PgID 7397. Not to mention, the exhibit attached to the § 2255 petition was printed *during* Defendant's jury trial. *Id.* (printed on June 22, 2016). Because Defendant created the report years before his trial, and even printed it out during his trial, no *Brady* violation occurred. The Court will therefore dismiss the procedurally defaulted *Brady* claim.

C. *Hobbs Act Extortion Claim*

Defendant repackaged his argument that he could not have been found guilty under the Hobbs Act for extortion as a *Brady* claim. ECF 289, PgID 7380–81. Defendant essentially argued—without evidence—that the Government suppressed the identity of Calhoun's cousin (who Defendant believes is Tobias Jones). *Id.* at 7381. Because the Government allegedly suppressed the identity, Defendant did not have a chance to show that Calhoun perjured himself when he testified that Defendant improperly helped his cousin (Doshawn Calhoun). *Id.* Thus, according to Defendant,

because Calhoun perjured himself, no evidence existed to support the Hobbs Act Extortion charge. *Id.*

Setting aside the extraordinary allegations, the claim is procedurally defaulted. *Massaro v. United States*, 538 U.S. at 504. And the Sixth Circuit upheld Defendant's conviction under the Hobbs Act for extortion. ECF 265, PgID 7088–100. To avoid procedural default, Defendant argued that he is actually innocent. ECF 289, PgID 7381; *see Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998) (explaining that a defendant can avoid procedural default if they can show they are "actually innocent of the subject offense") (citations omitted). But the actual innocence claim is baseless.

"To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (cleaned up). Defendant has offered no evidence to show that he was actually innocent. At most, Defendant asserted—without evidence—that Calhoun lied about Defendant improperly helping his cousin. But Defendant overlooked testimony from two other individuals (Gary Jackson and Nicholas Simmons) that showed Defendant committed quid pro quo acts, which served as the basis for his Hobbs Act conviction. ECF 265, PgID 7095–98. As the Sixth Circuit explained, Jackson's and Simmons's testimonies each showed quid pro quo acts. *Id.* at 7096–97. So even if Calhoun were to lie, as Defendant alleged, the overwhelming evidence still showed that Defendant violated the Hobbs Act based on multiple quid pro quo acts.

What is more, after Defendant's conviction, Defendant admitted to an agent from the Federal Bureau of Investigation that he committed the illegal activity that led to his Hobbs Act conviction. ECF 329, PgID 7921–23 (under seal). In Defendant's reply brief, however, he disavowed the agent's statement from the interview. ECF 331, PgID 7927. Defendant alleged that the agent "altered what [he] told them to fit into their agenda." *Id.* In any event, even if the agent were to fabricate Defendant's admission of guilt, the actual innocence claim is far-fetched and ignored the mountain of evidence underlying Defendant's conviction. Because Defendant cannot show that it "is more likely than not that no reasonable juror would have convicted him," the actual innocence claim fails, and his overall claim is procedurally barred. *Bousley*, 523 U.S. at 623.

D.   *Prosecutorial Misconduct Claim*

Defendant's last claim asserted "that the Government committed prosecutorial misconduct by knowingly allowing perjured testimony to be introduced without correction." ECF 289, PgID 7382. Defendant based his claim once more on the alleged perjured testimony from Calhoun. *Id.* Yet the claim is procedurally defaulted for the reasons explained earlier. Defendant has not shown actual innocence or cause and prejudice. *Fair*, 157 F.3d at 430. As a result, the Court will dismiss the prosecutorial misconduct claim. In sum, the Court will dismiss all the claims in Defendant's § 2255 petition.

III. Motion to Amend Petition

"[A] motion to amend a § 2255 motion is generally governed by the Federal Rules of Civil Procedure." *Clark v. United States*, 764 F.3d 653, 661 (6th Cir. 2014). Federal Rule of Civil Procedure 15(a)(2) states that after a responsive pleading is filed, a party may only amend its pleading with the opposing party's written consent or with the Court's leave. The rule also states that "[t]he [C]ourt should freely give leave when justice so requires." *Id.*

To resolve whether to grant leave to amend a pleading, the Court relies on six factors: (1) "undue delay in filing," (2) "lack of notice to the opposing party," (3) "bad faith by the moving party," (4) "repeated failure to cure deficiencies by previous amendments," (5) "undue prejudice to the opposing party, and" (6) "futility of [the] amendment[.]" *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 458–59 (6th Cir. 2001) (citation omitted). The last factor—futility of the amendment—sufficiently justifies the Court to deny leave to amend the petition. *Martin v. Assoc. Truck Lines*, 801 F.2d 246, 248 (6th Cir. 1986). A proposed amendment is futile if it could not survive a motion to dismiss. *Id.* The Court will deny Defendant's present motion to amend because it is futile.

Defendant moved to amend the petition six months after the limitations period ran. "[A] party cannot amend a § 2255 petition to add a completely new claim after the statute of limitations has expired." *United States v. Clark*, 637 F. App'x 206, 209 (6th Cir. 2016) (alterations in original) (quoting *United States v. Thomas*, 221 F.3d 430, 436 (3d Cir. 2000)). The Court will grant a motion to amend a § 2255 petition if

13

the claim relates back to the same "'common core of operative facts' as the initial petition." *Id.* (quoting *Mayle v. Felix*, 545 U.S. 644, 664 (2005)).

Defendant's amended petition would add a new claim that the Court violated his due process right because the Court misapplied a sentencing enhancement. ECF 323, PgID 7821. In the initial petition, Defendant claimed his appellate counsel failed to raise a claim that the district court misapplied a sentencing enhancement. ECF 289, PgID 7369–72. Put simply, the new claim does not relate back to any claim in the present petition. *Clark*, 637 F. App'x at 209 (noting that a district court's finding at sentencing did not relate back to claims about whether a defendant's appellate counsel should have raised the sentencing issue on appeal). Because the claim does not relate back to the initial petition, the claim is untimely.

Defendant's attempt to argue the motion is timely based on § 2255(f)(4) is meritless. Under § 2255(f)(4), the limitations period runs from "the date on which the facts supporting the claim or claims presented could have been discovered *through the exercise of due diligence*." (emphasis added). Defendant based the amended claim on a 2010 Wayne County Circuit Court consent decree that he discovered. ECF 323, PgID 7820–21, 7823–29. But the consent decree is a public document. *Id.* at 7823–29. In brief, Defendant should have known about the consent decree as early as August 2010 because the record is a public document. Thus, the limitations period expired before Defendant moved to amend the petition.

Even if the new claim were timely, the Court would still deny the motion to amend because the claim is procedurally defaulted. *Massaro*, 538 U.S. at 504. The

Sixth Circuit upheld the Court's sentencing enhancement for Defendant's sentence. ECF 265, PgID 7110–11. Because Defendant is not "actually innocent of the subject offense" and cannot show cause and prejudice, the amended claim is therefore procedurally defaulted. *Fair*, 157 F.3d at 430 (citation omitted). All told, the Court will deny the motion to amend.

IV. <u>Requests for an Evidentiary Hearing and Appointment of Counsel</u>

Defendant requested an evidentiary hearing and appointment of counsel. ECF 289, PgID 7384; ECF 331, PgID 7929. Because the Court has resolved the § 2255 motion, the requests are denied as moot.

V. <u>Certificate of Appealability and Proceeding In Forma Pauperis on Appeal</u>

To appeal the Court's decision, Defendant must obtain a certificate of appealability. To obtain a certificate of appealability, Defendant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Thus, Defendant must show that reasonable jurists could debate whether the Court should have resolved the § 2255 motion in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Jurists of reason would not debate the Court's denial of the motions. The Court will therefore deny a certificate of appealability.

The Court will also deny Defendant leave to appeal in forma pauperis because he cannot take an appeal in good faith. *See* Fed. R. App. P. 24(a).

**ORDER**

**WHEREFORE**, it is hereby **ORDERED** that the motion to vacate sentence under 28 U.S.C. § 2255 [289] is **DENIED**.

**IT IS FURTHER ORDERED** that the motion to amend [323] is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that leave to proceed in forma pauperis on appeal is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court must **CLOSE** Civil Case No. 2:20-cv-12548.

**SO ORDERED.**

                                        s/ Stephen J. Murphy, III
                                        STEPHEN J. MURPHY, III
                                        United States District Judge

Dated: June 23, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 23, 2021, by electronic and/or ordinary mail.

                                        s/ David P. Parker
                                        Case Manager